IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT LEE LANCE,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>SANDY CITY CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS AND DISMISSING CASE WITH PREJUDICE<br><br><br><br>Case No. 2:07-CV-149 TS |

This matter comes before the Court on Defendant's Motion to Dismiss,[1] Motion for

Protective Order,[2] Motion for Attorney's Fees,[3] and Motion to Reassign Case,[4] as well as

---

[1] Docket No. 7

[2] Docket No. 9

[3] Docket No. 8

[4] Docket No. 5

numerous other Motions filed by Plaintiff,[5] and Defendant's *Ex Parte* Motion for a Protective

Order Staying Briefing on Plaintiff's Motions.[6]

## I.  BACKGROUND

Each spring for the past three years, Plaintiff Scott Lance ("Plaintiff"), who proceeds *pro se*, has brought a lawsuit, based on the same facts, against Sandy City Corporation ("Defendant").  Plaintiff first filed his original Complaint in March of 2005, in Case No. 2:05-CV-215 DB.  This Complaint listed seven counts under 42 U.S.C. §§ 1983 and 1985: nepotism, wrongful suspension/wrongful disarming of a peace officer, conspiracy to fabricate a falsified fitness for duty report, an FMLA violation/wrongful termination, and three counts of *quid pro quo* harassment.  Pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismissed the Complaint for failure to state a claim upon which relief may be granted.[7]  Plaintiff did not appeal.

In March of 2006, Plaintiff refiled the original Complaint and attached a "Supplemental Complaint" which made essentially the same allegations as the original Complaint.[8]  Following full briefing and a hearing, for which Plaintiff failed to appear, the Court adopted the Magistrate's report and recommendation and dismissed Plaintiff's action based on claim preclusion.[9]  Plaintiff did not appeal.

---

[5]Docket Nos. 16 ("Motion to Exploit Technicality"), 17 ("Motion to Exploit Omission"), and 18 ("Motion to Suppress Evidence").

[6]Docket No. 19.

[7]*See* Docket No. 18, Case No. 2:05-CV-215 DB.

[8]Docket No. 1, Case No. 2:06-CV-240 DB.

[9]*See* Docket No. 27, Case No. 2:06-CV-240.

In the current suit before this Court, Plaintiff refiled the previous filings and added a second "Supplemental Complaint."[10]  Based upon Plaintiff's filings, the Court notes that no new substantive allegations have been added to Plaintiff's claims against Defendant.

Defendant now seeks dismissal of Plaintiff's third case, a protective order to prevent further filings without leave of the Court, and an award of its attorney's fees.  Plaintiff opposes these motions.  Defendant also moves for this case to be reassigned to Judge Dee Benson, who presided in Plaintiff's second action, Case No. 2:06-CV-240.  Finally, Plaintiff makes several other motions, to which Defendant requests a stay of briefing pending determination of Defendant's Motion to Dismiss.  The Court addresses these motions in turn.

II.  DISCUSSION

*A. Motion to Dismiss*

Defendant argues that Plaintiff's claims are barred by the doctrines of claim preclusion and issue preclusion.

A case will be dismissed on the basis of claim preclusion, or *res judicata*, where three elements exist: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[11]  Under Fed. R. Civ. P.  41(b) an involuntary dismissal of an action "operates as an adjudication upon the

---

[10]Docket No. 1.  This second "Supplemental Complaint" discusses Lance's "Constitutional Due Process right to serve amendments to the Plaintiff's original complaint" and "the idea that the Plaintiff's original complaint contains a statement of claim [sic]."  *Id.*

[11]*Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

merits."[12]  Claim preclusion thus prevents parties from "relitigating issues that were or could have been raised in an earlier action."[13]  The purpose of claim preclusion is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication."[14]

Similarly, issue preclusion, or collateral estoppel, prevents relitigation of an issue for a different cause of action against the same party where "a court has decided an issue of fact or law necessary to its judgment."[15]  Issue preclusion bars a claim where four elements exist: (1) an identical issue to the one previously decided; (2) final adjudication of a prior action on the merits; (3) the party to be barred is a party or party in privity to the party in the prior adjudication; and (4) the party to be barred has had a full and fair opportunity to litigate the issue in the prior action.[16]

The doctrines of claim preclusion and issue preclusion bar Plaintiff's claims here.  This action against Defendant is the third of its kind.  It is based on the same facts of the prior two cases.  The prior dismissals serve as adjudications upon the merits.  Plaintiff has had a full and

---

[12]*See also Park Lake Res. L.L.C.  v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting *Matosantos Commercial Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001)) ("Dismissals for a lack of jurisdiction 'preclude relitigation of the issues determine in ruling on the jurisdiction question.'").

[13]*Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992)).

[14]*Satsky v. Paramount Commc'ns*, 7 F.3d 1464, 1467 (10th Cir. 1993).

[15]*Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1272 (10th Cir. 1995).

[16]*See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995).

4

fair opportunity to litigate—the original motion was fully briefed, and the merits were fully heard.  Accordingly, the Court will grant Defendant's Motion to Dismiss, and will dismiss this case with prejudice.  In so doing, the Court notes, for the purposes of clarity, that Plaintiff's proper remedy in this case was through appeal, and not through repeated filing of his Complaint before this Court.

### B.  Motion for Protective Order and Motion for Attorneys Fees

Defendant moves this Court to issue a protective order and award attorneys fees based on the allegedly frivolous claim and harassing pattern of Plaintiff's recurring filings.  Plaintiff responds that his claims are non-frivolous because he has a Due Process right to serve amended pleadings and because he has suffered substantial harm.  Plaintiff also requests that his response to Defendant's motion be noted as an objection to the Magistrate's report and recommendation in the second case.

Under its inherent power and at its discretion, this Court may "regulate the activities of 'litigants with a documented lengthy history of vexatious, abusive actions . . . [if] the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order.'"[17]

Also in its discretion, the Court may award attorneys fees in civil rights actions under 42 U.S.C. § 1988.  Section 1988(b) permits the Court to grant attorneys fees to a prevailing defendant if "'the suit was vexatious, frivolous, or brought to harass or embarrass the

---

[17]*Ayala v. Holmes*, 29 Fed. Appx. 548, 551 (10th Cir. 2002) (unpublished opinion).

defendant.'"[18]  An award is also proper where the plaintiff continues to litigate after it is clear

that the claim is frivolous, unreasonable, or groundless.[19]  This standard applies to *pro se*

parties.[20]  Furthermore, the Court "consider[s] the *pro se* plaintiff's ability to recognize the

objective merit of his or her claim" and that "[a]n unrepresented litigant should not be punished

for his failure to recognize subtle factual or legal deficiencies in his claims."[21]

      The Court, at this time, declines to enter a protective order or to award attorney's fees to

Defendant because it is unclear to the Court whether Plaintiff currently understands the

implications of the Court's prior rulings.  Notwithstanding, in connection with its dismissal of

this case, the Court wishes to convey to Plaintiff *a final warning* against filing this action again

before this Court.  Should Plaintiff choose to continue making filings substantially similar to the

previous ones, Plaintiff is hereby on notice that his case will be dismissed, a protective order will

likely be entered against him, and that he will likely be required to pay attorney's fees incurred in

responding to his filings.

      As to Plaintiff's request that this Court consider his response in this case as an objection

to the Magistrate's report and recommendation in his previous case, the Court notes that it is

---

[18]*Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221–22 (10th Cir. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)).  The *Steinert* Court noted that "An example of such a circumstance is when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.* at 1222 (internal quotation marks and citation omitted).

[19]*Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000) (quoting *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980)).

[20]*Olsen v. Aebersold*, 149 Fed. Appx. 750 (10th Cir. 2005) (unpublished opinion).

[21]*Houston,* 215 F.3d at 1175.

unable to do so.  Even if it were able, the Court directs Plaintiff to the Order in that case, which notes that objections to the report and recommendation must be filed within ten days after receiving it and that "failure to file objections may constitute a waiver . . .[for] appellate review."[22]  Accordingly, Plaintiff's request regarding the objection is untimely and improper.

*C.  Miscellaneous Motions*

All remaining Motions before the Court are rendered moot by the Court's ruling herein.

III. CONCLUSION

Based upon the foregoing, it is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 7) is GRANTED WITH PREJUDICE.  It is further

ORDERED that Defendant's Motions for Protective Order (Docket No. 9) and Motion for Attorney's Fees (Docket No. 8) are DENIED.  It is further

ORDERED that all remaining Motions in this action are MOOT.  The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED  April 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22]Docket No. 28, Case No. 2:06-CV-240.